IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROGELIO SMITH, | ) |
| Plaintiff, | ) Case No. 16 C 3437 |
| v. | ) Judge Amy J. St. Eve |
| WEXFORD HEALTH SOURCE, INC., JASON DUNN, and SALEH OBAISI, | ) |
| Defendants. | ) |

## ORDER

The Court denies Defendant Jason Dunn's motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). [30]. Defendant Dunn's Answer is due on or before December 22, 2016.

## STATEMENT

On September 15, 2016, Plaintiff Rogelio Smith, by counsel, filed a one-count Second Amended Complaint against Defendants Wexford Health Source, Inc. ("Wexford"), Jason Dunn ("Dunn"), and Saleh Obaisi ("Obaisi") alleging deprivations of his Eighth Amendment rights in relation to his medical care while incarcerated at Stateville Correctional Center ("Stateville"). *See* 42 U.S.C. § 1983. Before the Court is Defendant Dunn's Rule 12(b)(6) motion to dismiss. For the following reasons, the Court denies Defendant Dunn's motion.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). In determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and

draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

## BACKGROUND

In his Second Amended Complaint, Plaintiff alleges that during the relevant time period, he has been incarcerated at Stateville. (R. 17, Sec. Am. Compl. ¶ 1.) He further states that Defendant Dunn is a licensed optometrist in the State of Illinois and that Wexford employed him to treat prisoners at Stateville. (*Id*. ¶ 3.) Also, he maintains that Defendant Obaisi is a licensed physician in Illinois and is the medical director at Stateville. (*Id*. ¶ 4.) Plaintiff specifically alleges that he is a 66-year-old man who has been incarcerated since 2006, and that after complaining about deteriorating vision as a result of diabetes, Dr. Dunn, as well as other Wexford agents, diagnosed him with cataracts on both eyes on September 5, 2014. (*Id*. ¶¶ 7, 8.) According to Plaintiff, Dr. Dunn prescribed him a pair of glasses, even though Plaintiff's condition was not improved by the use of glasses. (*Id*. ¶ 9.) Plaintiff alleges that since September 5, 2014, his eyesight has continued to deteriorate. (*Id*. ¶ 10.)

On December 29, 2014, Dr. Obaisi reviewed Plaintiff's records, noted Plaintiff's complaint about deteriorating vision, and agreed that cataracts could not be properly treated with glasses. (*Id*. ¶ 11.) On June 24, 2015, a specialist at the University of Illinois-Chicago diagnosed Plaintiff with glaucoma and informed him that he would need surgery. (*Id*. ¶ 12.) Plaintiff asserts that no surgery has been performed and that his eyesight continues to deteriorate. (*Id*. ¶ 13.) He further alleges that he is blind in his left eye. (*Id*.)

Plaintiff alleges – upon information and belief – that Dr. Dunn's decision to prescribe glasses rather than surgery was a direct result of a cost-cutting policy dictated by Wexford and/or Dr. Obaisi. (*Id*. ¶ 14.) Further, upon information and belief, Plaintiff maintains that the decision not to perform surgery is a direct result of a cost-cutting policy dictated by Wexford and/or Dr. Obaisi. (*Id*. ¶ 15.) As such, Plaintiff alleges that the physicians who work on behalf of Wexford and under the direction of Dr. Obaisi have been deliberately indifferent to his medical needs as part of a policy and practice designed to reduce medical costs. (*Id*. ¶ 16.)

## ANALYSIS

"A prison official may be found in violation of an inmate's Eighth Amendment right to be free from cruel and unusual punishment if she acts (or fails to act) with 'deliberate indifference to [his] serious medical needs.'" *Conley v. Birch,* 796 F.3d 742, 746 (7th Cir. 2015) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Deliberate indifference claims contain both an objective and a subjective component, namely, the inmate must have an objectively serious medical condition and the defendant must be subjectively aware of and consciously disregard the inmate's serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016). "An objectively serious medical condition is one that 'a physician has diagnosed as needing treatment" or that is so obviously serious "that even a lay person would easily recognize the necessity for a doctor's attention.'" *McDonald v. Hardy*, 821 F.3d 882, 888 (7th Cir. 2016) (citation omitted).

In his motion to dismiss, Dr. Dunn argues that Plaintiff's factual allegations fail to raise a right to relief above a speculative level. Viewing Plaintiff's allegations and all reasonable inferences in his favor, Plaintiff has alleged that he has an objectively serious medical condition, namely, that his eyesight is deteriorating, that his condition did not improve by the use of glasses, and that he was diagnosed with cataracts and glaucoma. *See O'Banner v. Bizzell*, 151 F.3d 1033 (7th Cir. 1998) (glaucoma "is manifestly a sufficiently serious medical condition to satisfy the objective element of the deliberate indifference standard.") (unpublished); *Talley v. Dart*, No. 08 C 5485, 2012 WL 1899393, at *6 (N.D. Ill. May 24, 2012) (same); *see also Stewart v. Wexford Health Sources, Inc.*, No. 15-CV-1322-MJR, 2016 WL 37334, at *4 (S.D. Ill. Jan. 4, 2016) (temporary loss of eyesight objectively serious medical condition); *Flemming v. Els*, No. 3:15-CV-00263-JPG, 2015 WL 2194518, at *2 (S.D. Ill. May 7, 2015) (chronic eye conditions objectively serious medical condition).

Plaintiff has also plausibly alleged the subjective component of his deliberate indifference claim, namely, that Dr. Dunn was aware of his chronic eye condition because Dr. Dunn diagnosed him with cataracts in both eyes. Furthermore, Plaintiff alleges that Dr. Dunn disregarded the seriousness of Plaintiff's medical condition by merely prescribing glasses. *See Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016) ("A prison official may be liable for deliberate indifference only if he 'knows of and disregards an excessive risk to inmate health or safety.'") (quoting *Farmer*, 511 U.S. at 837). Moreover, Plaintiff alleges that Dr. Dunn intentionally prescribed glasses rather than surgery as a direct result of a cost-cutting policy dictated by Wexford and Dr. Obaisi. Plaintiff's allegations raise a reasonable inference that the lack of appropriate treatment caused a significant risk to his health because he is now blind in his left eye. Accordingly, Plaintiff has plausibly alleged his deliberate indifference claim against Dr. Dunn. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Citing 225 ILCS 80/3(a), Dr. Dunn further argues that he was not authorized to perform surgery, and thus he is absolved from liability. That licensed optometrists cannot perform surgery under Illinois' Optometric Practice Act does not prevent an optometrist from diagnosing or treating "any ocular abnormality, disease, or visual or muscular anomaly of the human eye or visual system." 225 ILCS 80/3(a)(7). Indeed, Plaintiff sufficiently alleges that by merely prescribing him glasses and otherwise ignoring the need for additional medical intervention to stop the deterioration his eyesight, Dr. Dunn acted in a manner that was deliberately indifferent to his serious medical needs. (Sec. Am. Compl. ¶ 20.) Under these allegations, Plaintiff has sufficiently fulfilled the federal pleading standards. *See Iqbal,* 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

On a final note, Dr. Dunn's arguments raised for the first time in his reply brief are waived. *See Wagner v. Teva Pharm. USA, Inc.*, 840 F.3d 355, 360 (7th Cir. 2016).

**Dated:** December 8, 2016

_____
**AMY J. ST. EVE**
**United States District Court Judge**